IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03119-GPG

RUSSELL COOLEY,

    Applicant,

v.

B. TRUE, Acting Warden, and
TERESA K. COZZA-RHODES, Warden, FCI Florence,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Russell Cooley, is a prisoner in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at the Federal Correctional Institution, in Florence, Colorado. On November 19, 2014, he filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).

On November 25, 2014, Magistrate Judge Gordon P. Gallagher entered an order (ECF No. 4) directing Respondents to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondents intended to raise that defense in this action. On December 16, 2014, Respondents filed a Preliminary Response (ECF No. 10). Mr. Cooley did not file a reply, despite being given the opportunity to do so.

The Court must construe liberally Mr. Cooley's Application because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the habeas corpus application and dismiss the action without prejudice for failure to exhaust administrative remedies.

Mr. Cooley is currently serving a 42-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Mr. Cooley is scheduled for release on July 15, 2015, via good conduct time release. (ECF No. 10-1, Declaration of April Bennett at 2, ¶ 3). Mr. Cooley asserts in the Application that the BOP has failed to credit him for time served for a state-court sentence that subsequently was vacated and that he is being confined illegally because the BOP has failed to give him this pre-custody credit. Respondents argue that the Application should be dismissed for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because he adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Cooley. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner

exhausts administrative remedies by attempting to resolve the matter informally (BP-8) and then completing all three formal steps by filing an administrative remedy request with institution staff (BP-9) as well as regional and national appeals (BP-10 and BP-11). *See* 28 C.F.R. §§ 542.13 - 542.15. Inmate appeals must be accompanied by copies of their administrative filings and responses at lower levels. *See* 28 C.F.R. § 542.15(b)(1).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17©. The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Mr. Cooley has filed five administrative remedies between July 23, 2014 and

October 20, 2014 that relate to his claim that his pre-custody credit was not properly applied to his federal sentence. Mr. Cooley, however, has failed to exhaust his administrative remedies in the proper manner by filing this action prior to completion of the BOP's administrative remedy process. (*See* ECF No. 10-1 at 5, ¶ 12).

Mr. Cooley filed administrative remedy 787663-F-1 at the BP-9 level on July 23, 2014. (ECF No. 10-1 at 4, ¶ 11 and SENTRY Full Administrative Remedy Generalized Retrieval at 7). Mr. Cooley requested pre-custody credit for time served from April 2009 to the present date. (*Id.*) On September 4, 2014, this remedy was denied; status code DNY is SENTRY code for the remedy being substantially denied in full. (*Id.*)

On August 29, 2014, Mr. Cooley appealed the denial to the regional level by filing a BP-10. (ECF No. 10-1 at 4, ¶ 12 and SENTRY Full Administrative Remedy Generalized Retrieval at 7). The Regional Office instructed Mr. Cooley to provide his BP-9 and resubmit his appeal within the allotted timeframe. (*Id.*). On September 5, 2014, Mr. Cooley appealed at the national level by filing a BP-11. (ECF No. 10-1 at 4, ¶ 13 and SENTRY Full Administrative Remedy Generalized Retrieval at 8). The BOP Central Office rejected the BP-11 because Mr. Cooley failed to provide copies of the BP-9 and BP-10, but gave him 15 days to resubmit his appeal in the proper format. (*Id.*)

On September 15, 2014, Mr. Cooley refiled his regional BP-10 appeal, which the Regional Office denied on the merits. (ECF No. 10-1 at 4, ¶ 14 and SENTRY Full Administrative Remedy Generalized Retrieval at 8). On October 20, 2014, Mr. Cooley filed a BP-11 appeal at the national level. (ECF No. 10-1 at 5, ¶ 15 and SENTRY Full Administrative Remedy Generalized Retrieval at 9). The BOP Central Office extended its appeal response by 20 days until December 19, 2014. (*Id.*). Rather than wait to file

this action after December 19, 2014, when a non-response may be deemed a denial, *see* 28 C.F.R. § 542.18, Mr. Cooley filed this action on November 19, 2014. As such, he has failed to demonstrate exhaustion of his administrative remedies by completing review through all three required levels. *See* 28 C.F.R. § 542.15(b)(2).

Mr. Cooley has pursued the administrative remedy process with respect to the claims asserted in this case, but has not completed it. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002) (a prisoner "may not successfully argue that he has exhausted his administrative remedies by, in essence, failing to employ them"). Although failure to exhaust may be excused in rare cases in which an applicant demonstrates that exhaustion would be futile, *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), or that irreparable harm would otherwise result, *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010), Mr. Cooley has not shown any such circumstance. He admits that he has not exhausted administrative remedies and essentially claims that exhaustion was futile because "exhausting admin. remedies would not provide this court with the time needed to provide relief from the punitive consequences. I am due to be released to the halfway house Jan. 22, 2014. However, I've started the admin. remedy process." Mr. Cooley's futility argument is conclusory and fails to assert a sufficient factual basis for his failure to exhaust. *See Mackey v. Ward,* 128 Fed. App'x 676, 677 (10th Cir. 2005) ("conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust").

Mr. Cooley has not exhausted all BOP administrative remedies before seeking federal court intervention through the instant habeas corpus application. Therefore, the application will be dismissed for failure to exhaust.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Cooley files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied and the action dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of   January  , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court